463 P.2d 65

**STATE of Arizona, Appellee,**

v.

**Freddy D. ALLEN, Appellant.**

**No. 1787.**

Supreme Court of Arizona.

In Banc.

Dec. 30, 1969.

Gary K. Nelson, Atty. Gen., by Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, for appellee.

Blake Willis, Phoenix, for appellant.

HAYS, Justice.

The defendant, Freddy D. Allen and his co-defendant, Clifford Lee McGonigle, were tried and found guilty of first degree burglary with prior convictions. After receiving substantial sentences they appealed and we rendered a decision affirming the conviction. State v. McGonigle, 103 Ariz. 267, 440 P.2d 100 (1968). The defendant, Allen, thereafter petitioned the United States District Court in Phoenix, Arizona, for a Writ of Habeas Corpus. The Attorney General of the State of Arizona and the Federal Public Defender stipulated that the hearing on the writ would be deferred to give the Attorney General an opportunity to apply to this court to reopen the appeal. The application to reopen was granted.

The only issue presented is whether the defendant was denied the assistance of counsel.

We now have before us the reporter's transcripts of five separate hearings from arraignment on September 6, 1966 through January 19, 1967, when the court ordered the defendant to obtain counsel or proceed to trial without counsel. These transcripts were not a part of the record on the original appeal. Each of these hearings was at least in part concerned with the question of counsel for the defendant. The Public Defender was appointed for arraignment only as the defendant expressed a desire to secure his own attorney. Thereafter the defendant appeared and indicated that he had been unable to secure counsel. Finally the court had the defendant take an oath as to his indigency and appointed the Public Defender to represent him. The defendant at this time indicated that he had a wife and three children to support, that he hadn't worked for nine days, and that he owned no property.

The day before the trial day, an attorney filed a motion for continuance indicating he had just been retained by the defendant. The motion was granted.

On January 19, 1967, a hearing was had for determination of counsel. The private attorney was permitted to withdraw on the representation that defendant had failed to make the payment agreed upon. The court then questioned the defendant's good faith in attempting to secure counsel, did not appoint the Public Defender, and ordered him to trial on January 26, 1969.

We are now of the opinion that in a situation such as we have here the best interests of the administration of justice as well as the protection of the rights of the defendant require that at the time of arraignment permanent counsel be appointed to represent an indigent defendant. If thereafter employed counsel replaces the Public Defender or other appointed counsel, the court should be slow to permit a subsequent withdrawal.

It is commendable for the courts to have concern for the public purse, and also to be helpful in encouraging defendants to secure counsel of their own choice, but in marginal cases such as this the judicial process is slowed and often the problem of

securing counsel can result in various manipulations by a knowledgeable defendant.

The court had at one stage found the defendant to be an indigent and later hearings indicate no material change in this position. The fact that the defendant had made a $500 bond, or his failure to really bestir himself to secure counsel cannot be construed as a waiver of a constitutional right. In view of the fact that defendant was required to proceed to trial without counsel, and was not represented by counsel at the time of sentencing, we hold that he was deprived of a constitutional right. Gideon v Wainwright, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Lee v. State, 99 Ariz. 269, 408 P.2d 408 (1965). Reversed and remanded.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.

McFARLAND, Justice (specially concurring):

I agree with the decision of the majority that the present record in the instant case shows the defendant was deprived of a constitutional right. For this reason I concur in the reversal. However, I wish to point out that the present record was enlarged on a motion of the attorney general to re-open on February 13, 1969, to which were attached five short transcripts of hearings in regard to the arraignment and defendant's ability to obtain counsel of his choice, which were made a part of this record on the granting of the motion to re-open.

Our decision in the case was made on March 21, 1968—almost a year previous to the filing of the motion by the attorney general. State v. McGonigle, 103 Ariz. 267, 440 P.2d 100. However, the question of timeliness of the motion is not now before us. The decisions and rules of this Court were adequate to have permitted either the attorney for defendant or the attorney general to have made a motion to enlarge the record before our first decision.

In our previous decision we could only consider those matters which were part of the record at that time. State v. Wilson, 95 Ariz. 372, 390 P.2d 903. While neither the attorney general nor counsel for defendant asked that the record be enlarged prior to the previous decision, it has been enlarged, and we must consider the case on the record as it now exists.

On this basis I concur with the majority in the reversal and remand.