485 P.2d 583

**STATE of Arizona, Appellee,**

v.

**Gary Lee JACKSON, Appellant.**

**No. I CA–CR 307.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 26, 1971.

Rehearing Denied June 23, 1971.

Review Denied Sept. 21, 1971.

———◆———

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

CASE, Judge.

This is an appeal from a judgment of conviction after a plea of guilty to assault with a deadly weapon in violation of Section 13–249 A.R.S.

The criminal complaint filed on January 5, 1970, charged appellant and his wife with assault with a deadly weapon, forgery and also charged his wife alone with for-

gery. On January 20, 1970, a preliminary hearing was held wherein appellant, represented by counsel, was bound over to superior court on the charge of assault with a deadly weapon. Thereafter, on February 18, 1970, an Information was filed charging appellant wtih assaulting Clemico Gonzales on January 3, 1970, with a deadly weapon, to-wit: a gun. Appellant with counsel was arraigned on February 24, 1970, and furnished a copy of the Information. He verified that the Information stated his true name and waived a reading thereof and entered his plea of not guilty. On May 14, 1970, after several delays, appellant, as a result of plea bargaining, entered a plea of guilty to an amended Information which deleted all references to a gun and otherwise left the original Information intact. On June 2, 1970, appellant was sentenced to 9–10 years in the Arizona State Prison, said sentence to run concurrently with the sentence imposed in Cause No. 54312.

The question presented on review is whether the record reveals that the trial court determined that the plea was made with an understanding of the nature of the charge as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Appellant concedes the trial court's compliance with the other requirements of Boykin, *supra*.

After reviewing the record, we are convinced that appellant knew and that the trial determined that he knew, the nature of the charge against him. First, appellant was present at the preliminary hearing where the testimony indicated that he pointed a loaded gun at employees of a grocery store on January 3, 1970. Second, he was provided an Information which specifically charged him with assaulting Clemico Gonzales with a deadly weapon, to-wit: a gun, on January 3, 1970. The court, at the time of the entering of the guilty plea, questioned appellant extensively, a portion of which follows:

"THE COURT: Now, in that regard, in Cause No. 61164, Assault with a Dead-

ly Weapon, it is alleged that on the 3rd day of January in this county that you assaulted Clemico Gonzales with a deadly weapon. Is that true?

THE DEFENDANT: Yes.

THE COURT: Where did that occur?

THE DEFENDANT: At Smitty's Big Town.

THE COURT: Smitty's Big Town?

THE DEFENDANT: Yes.

THE COURT: That is a grocery store?

THE DEFENDANT: Yes.

THE COURT: What time of day did it occur?

THE DEFENDANT: About 1:00 o'clock.

THE COURT: In the afternoon?

THE DEFENDANT: Yes.

THE COURT: Were you by yourself?

THE DEFENDANT: No.

THE COURT: Who was with you?

THE DEFENDANT: My wife and daughter.

THE COURT: Were they right beside you while this happened or were they out in the car or what?

THE DEFENDANT: My daughter was lying on the table right behind me and my wife was standing right next to me.

THE COURT: Did you have a gun on your person at that time?

THE DEFENDANT: Yes.

THE COURT: Did you have this in your hand?

THE DEFENDANT: Yes.

THE COURT: Did you point it at Mr. Gonzales?

THE DEFENDANT: Yes.

THE COURT: What were you going to do?

THE DEFENDANT: Try to get him to—trying to tell him to let my wife and child out of the store.

THE COURT: Whose gun was it?

THE DEFENDANT: Mine.

THE COURT: What did you say to Mr. Gonzales?

THE DEFENDANT: I don't even remember.

THE COURT: Did you threaten him?

THE DEFENDANT: No.

THE COURT: Was it loaded?

THE DEFENDANT: Yes, sir."

From the foregoing it is abundantly clear that appellant knew the nature of the charge to which he was entering a plea of guilty.

Appellant argues that Boykin, *supra*, and Rule 11, Fed.R.Crim.P., made applicable to Arizona by State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971), requires the trial judge to tell the defendant the legal elements of the crime to which he is pleading. We disagree. In McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed. 2d 418 (1969), the Supreme Court discussed this aspect of Rule 11 as follows:

"* * * For this reason, we reject the Government's contention that Rule 11 can be complied with although the district judge does not personally inquire whether the defendant understood the nature of the charge.[20] "

Footnote 20 set out below explains the scope of the inquiry required.

"The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, we do not establish any general guidelines other than those expressed in the Rule itself. As our discussion of the facts in this particular case suggests, however, where the charge encompasses lesser included offenses, personally addressing the defendant as to his understanding of the essential elements of the charge to which he pleads guilty would seem a necessary prerequisite to a determination that he understands the meaning of the charge. In all such inquiries, '[m]atters of reality, and not mere ritual, should be controlling.' Kennedy v. United States, 397 F.2d 16, 17 (C.A.6th Cir. 1968)." 394 U.S. at 467, 468 n. 20, 89 S.Ct. at 1171.

The probing inquiry by the trial court clearly established that appellant pointed a loaded pistol at another, which action constitutes the crime charged. State v. Duncan, 105 Ariz. 426, 466 P.2d 380 (1970); State v. Gortarez, 103 Ariz. 395, 442 P.2d 842 (1968).

Affirmed.

STEVENS, P. J., and DONOFRIO. J.. concur.