485 P.2d 810

The STATE of Arizona, Appellee,

v.

Bennie D. ROSS, Appellant.

No. 2056.

Supreme Court of Arizona,
In Division.

June 7, 1971.

Rehearing Denied July 7, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, former Asst. Atty. Gen., D. Jay Ryan, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

This is an appeal from a verdict and judgment of guilty to the crime of grand

theft, § 13–661 and § 13–663 A.R.S., with two prior convictions, § 13–1649 A.R.S. Defendant was sentenced to a term of not less than twelve nor more than fifteen years in the Arizona State Prison.

On appeal we are called upon to determine:

1. whether a defense witness was improperly impeached by a felony manslaughter conviction which occurred 19 years before the trial,

2. whether the court erred in failing to give an instruction on specific intent to permanently deprive the owner of the property,

3. whether the court erred in failing to give an instruction on a lesser included offense of petty theft, and

4. whether the prior convictions were properly proven.

The facts necessary for a determination of the matter on appeal are as follows. The complaining witness testified that on 19 January 1968, at about 3:00 in the afternoon, she went to a bar on Buckeye Road in Phoenix, Arizona. She was alone and she had $65 in cash which she carried in her billfold. According to her testimony, at about 7:30 p. m. while she was standing at the bar, she took out her billfold to pay for some beer and the defendant grabbed her billfold:

"Q And what did you do after he grabbed your billfold?

"A Well, I was so excited, I grabbed him.

"Q You grabbed him?

"A Yes, I grabbed him. But it didn't do no good.

"Q O.K., what did you do after you grabbed him?

"A He shrugged me loose from him.

 \* \* \* \* \* \*

"Q Did you see Mr. Ross leave the bar on that date?

"A Leave the bar?

"Q Yes.

"A Yes. He ran from the bar after we tussled you know. He got out."

The defense introduced the testimony of Willie Mae Colter who testified that she saw the complaining witness in the bar at 7:00 or 7:30 p. m. and that the complaining witness was "half drunk" or "almost asleep". On cross-examination the State attempted to impeach the defense witness by questions concerning her prior felony conviction for manslaughter.

The defendant was convicted by the jury of grand theft. The defendant denied the prior convictions and a separate hearing was held on the truth of the allegation of the prior convictions. The defendant was fingerprinted in court and an exemplified copy of prior sentences and fingerprint records from the Arizona State Prison were used to identify the defendant as the same person. The jury returned a verdict of guilty as to the two prior convictions.

## WAS THE PRIOR FELONY CONVICTION TOO REMOTE FOR IMPEACHMENT PURPOSES?

Prior to calling the defense witness, the defendant's attorney made a motion in limine to prevent the County Attorney from impeaching the witness on the basis of a prior felony conviction for manslaughter which occurred 19 years before.

This court has pointed out that a prior felony conviction of 30 years can be too remote to impeach a witness:

"\* \* \* The general rule is that for the purpose of impeachment a showing may be made of prior conviction of a felony unless it is so remote that it cannot reasonably cast a reflection upon the witness' credibility. There is no exact yardstick to measure the time that must elapse to blot out the relevancy of such former conviction; it is largely a matter of court discretion considering not only the time element but length of imprisonment, subsequent conduct, age and intervening circumstances. \* \* \*" Sibley v. Jeffreys, 76 Ariz. 340, 345, 264 P.2d 831, 833, 834 (1953).

We might add that in addition to considerations stated above by Justice Windes in determining the remoteness of the prior conviction, the court may also consider the nature of the prior offense. A prior conviction for manslaughter does not necessarily indicate that the witness is untruthful. We feel that in the instant case it was error to allow a 19 year old conviction for manslaughter to be used to impeach a witness testifying as the witness did in this case. We have, however, reviewed the testimony of the witness and we feel that there was no reasonable probability under the facts that the verdict might have been different even if her testimony was not impeached by the prior 19 year old conviction for manslaughter. Although she testified that the complaining witness was "half drunk" or "half asleep", the rest of her testimony was mainly negative —that she did not see the defendant Ross take the wallet, for example. We believe from the record that the error was harmless beyond a reasonable doubt and therefore not reversible. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); § 13–1598 A.R.S.; State v. Deschamps, 105 Ariz. 530, 468 P.2d 383 (1970); State v. McGonigle, 103 Ariz. 267, 440 P.2d 100 (1968), rehearing State v. Allen 105 Ariz. 267, 463 P.2d 65; State v. Hunt, 8 Ariz.App. 514, 447 P.2d 896 (1968).

## SHOULD THE COURT HAVE GIVEN AN INSTRUCTION ON SPECIFIC INTENT?

 The court instructed the jury in part as follows:

" 'Theft is feloniously stealing, taking or carrying away the personal property of another. Grand Theft is theft of money or property from the person of another.'

"Now, ladies and gentlemen, to constitute a crime there must be combination of an act forbidden by law, and an intent to do the act. Intent may be inferred from the defendant's voluntary commission of an act forbidden by law, and it is not necessary to establish that the defendant knew his act was a violation of law."

The defendant requested an instruction on specific intent which was refused. Defendant claims that it was error not to instruct the jury that the crime of theft "requires a specific felonious intent to permanently deprive the owner of his property." It is true that "intent to permanently deprive the owner of his possession is an essential ingredient of grand theft", Whitson v. State, 65 Ariz. 395, 181 P.2d 822 (1947); State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964), and that a defendant is entitled to an instruction on his theory of the case if reasonably supported by the evidence. State v. Randolph, 99 Ariz. 253, 408 P.2d 397 (1965); State v. Reynolds, 11 Ariz.App. 532, 466 P.2d 405 (1970); Rule 272, Rules of Criminal Procedure, 17 A.R.S. Such is not the case here. The evidence does not reasonably support an instruction on specific intent. Although he did not take the stand, the defense tendered by his attorney questioned the taking entirely, and we believe that under the facts in this case an instruction on specific intent was not mandatory. (See State v. Elias, 74 Ariz. 374, 249 P.2d 941 [1952]) The defendant relies upon the Court of Appeals case of State v. Wood, 7 Ariz.App. 22, 435 P.2d 857 (1967). In State v. Wood, supra, defendant was convicted of grand theft of an automobile. The Court of Appeal held that it was fundamental error not to give an instruction on the specific intent to permanently deprive the owner of the automobile stating:

"The evidence here does not lead inexorably to a conclusion that there was intent to permanently deprive the owner of this motor vehicle. For this reason, and because the instruction given permitted a conviction, in the disjunctive, for either stealing or driving away the motor vehicle of another, we hold that fundamental error was committed by the trial court as to the grand theft charge."

State v. Wood, supra at 24, 435 P.2d at 859.

In Wood, supra, the court was dealing with a motor vehicle and the existence of § 13–672 A.R.S. (joy riding) providing for a misdemeanor in cases where a person takes an automobile without intent to permanently deprive the owner of possession has a bearing on the instructions to be given. Such is not the case here. The testimony of both the complaining witness and of the owner of the bar was that the defendant grabbed the wallet and there was a tussle before he was able to break loose with the wallet containing the money. The complaining witness testified he ran from the bar after obtaining the wallet and taking the money out and throwing the wallet back. The two witnesses introduced on behalf of the defendant merely testified that the complaining witness was "half drunk" or "almost asleep" and attempted to impeach her sobriety more than her integrity. There was nothing in the testimony which would indicate that the theft was for any other reason than to permanently deprive the complaining witness of her money. Under the circumstances, we find no error in failing to instruct on specific intent.

### FAILURE TO GIVE INSTRUCTION ON LESSER INCLUDED OFFENSE

■ Defendant alleges that the court erred in not giving an instruction on petty theft, a lesser included offense.

Grand Theft is defined as:

"1. Theft of money, labor or property of the value of more than 100 dollars.

"2. Theft of money or property from the person of another.

· * * * * * *

"B. 'Petty theft' is theft of any money * * * not included in grand theft."
§ 13–663 A.R.S.

It is immaterial in theft of money or property from the person of another whether the amount is more or less than $100. The essence is the taking of the property from the person. The evidence herein supported a conviction of grand theft or nothing and it was not error to refuse an instruction for petty theft.

### WERE THE PRIOR CONVICTIONS PROPERLY PROVEN?

After the verdict of guilty the jury was called to determine the truth of the allegations of the prior convictions. The State admitted into evidence a copy of defendant's picture, fingerprint record, and two judgments and commitments for prior offenses, robbery in 1960 and burglary (first degree) in 1964, certified by the secretary of the Arizona State Prison and exemplified by the judge and the clerk of the Superior Court of Pinal County. The defendant's fingerprints were taken in court before the jury and a police officer qualified as an expert compared the fingerprints taken in the court with those on the record of prior convictions. He testified they were the same.

■ We have stated that the state has the burden of proof in proving a prior conviction where it is alleged and denied by the defendant. The State must not only prove the prior conviction but that the defendant was the one convicted and the State has this burden beyond a reasonable doubt, State v. Pennye, 102 Ariz. 207, 427 P.2d 525 (1967), as it does with all other elements of a criminal prosecution. State v. Miles, 3 Ariz.App. 377, 414 P.2d 765 (1966).

Our Court of Appeals has stated:

"That the records of the state prison were kept in such manner that the record of the conviction of 1954 was combined with a record of a conviction and sentence in 1961 is a circumstance relating to the proof available. There is no showing that the prosecution contrived to have the record kept in this manner. The defendant made no suggestion that any particular portions of this record be deleted. That there is an extra link in the chain of evidence, that is, that these records tended to prove that the defend-

ant is the same person who was convicted in 1961 and that that person, in turn, was the same person convicted in 1954, we do not believe necessarily required the exclusion of the proof offered." State v. Norgard, 6 Ariz.App. 36, 40, 429 P.2d 670, 674 (1967).

We believe the record was properly introduced and that the defendant was properly identified. See also State v. McAlvain, 104 Ariz. 445, 454 P.2d 987 (1969). We have read the record and note that the addendum to the information alleges both prior convictions. The jury found both prior convictions to be true. We find no error.

Judgment affirmed.

STRUCKMEYER, C. J., and HAYS, V. C. J., concur.