488 P.2d 683

**STATE of Arizona, Appellee,**

**v.**

**Troy Gene MILLER and Steve Lee Hohlt, Appellants.**

**No. I CA–CR 370.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 21, 1971.

Rehearing Denied Oct. 22, 1971.

Review Denied Nov. 23, 1971.

**328**

---

Ross P. Lee, Public Defender for Maricopa County by James H. Kemper, Deputy Public Defender, Phoenix, for appellants.

Gary K. Nelson, Atty. Gen. by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

JACOBSON, Presiding Judge.

Troy Gene Miller and Steve Lee Hohlt appeal from a judgment of conviction, after a plea of guilty, to the charge of aggravated battery. On appeal, defendants raise two "Boykin"[1] contentions dealing with the guilty plea procedure: (1) their pleas of guilty were not made with an understanding of the nature of the charge, and (2) the trial court did not establish that there was a factual basis for the pleas.

In the original information filed in the Superior Court of Maricopa County the defendants were charged with three separate felony counts: Count I, assault; Count II, assault with a gun; and Count III, kidnapping. Each defendant had entered a plea of not guilty to all the counts of the information, and the state thereafter amended the information to allege a prior conviction as to each defendant. As the result of an apparent plea bargain, the defendants pleaded guilty to an amended information charging the single count of aggravated battery, and the other felony counts, including the allegations of prior convictions were then dismissed. It is from these guilty pleas and the resultant judgment of conviction that defendants appeal.

The relevant facts underlying the original information are as follows: On August 23, 1970, defendants and a third male companion were approached in the vicinity of Encanto Park by a 15-year-old female who had requested defendants to purchase some wine for herself and her male companion. Thereupon the female and her companion entered defendants' car, and they drove about looking for an open liquor store. At the preliminary hearing, the female victim testified that while thus driving about, a scuffle developed in the back seat of the automobile between her male companion and one of the defendants. At some point during this scuffle, one of the defendants held a knife to the victim's throat and the other defendant pointed a gun to his head. The female victim then demanded she be let out of the car, and the defendants refused this demand. Before the female victim was allowed to leave the automobile, approximately a half-hour later, one defendant threatened her with a knife and the other defendant threatened her with a gun.

As to defendants' first contention, we are satisfied that the plea was made with an understanding of the nature of the charge. Here, defendants were present at the preliminary hearing where the testimony indicated that one defendant threatened the victims with a knife and the other defendant threatened them with a gun. Furthermore, defendants' counsel in the presence of the defendants, specifically waived the defendants' right to have a written amended information read to them. In this connection, our Supreme Court has pointed out that where a defendant is represented by counsel and changes his pleas as a result of a plea bargain, it is presumed to be done with the full knowledge of the facts and consequences involved. State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971); State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971); See, also, State v. Ross, 107 Ariz. 240, 485 P.2d 810 (1971). However, we wish to emphasize that even absent this presumption, the testimony elicited at the preliminary hearing formed

---

1. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

a sufficient basis to apprise the defendants of the charge here involved. Moreover, as the United States Supreme Court and this court have held, not even Rule 11, Fed.R.Crim.P., whatever its applicability to the states under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) [2] requires the trial judge to explain to a defendant the legal elements of the crime to which he is pleading. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); State v. Jackson, 14 Ariz.App. 594, 485 P.2d 583 (1971). On the basis of the total record developed herein, we hold that defendants' plea was made with an understanding of the charge involved.

■■ As to defendants' second contention, we recognize that the court failed to ascertain for the record, at the time the plea was entered, the factual basis for the plea. However, the making of such a record is not an essential requirement to a defendant's entering a *plea* voluntarily, it being sufficient if the totality of the record at the time of *sentencing* discloses a factual basis to the court. State v. Hooper, *supra.* We need only add that the trial court "need not ascertain the factual basis solely from the mouth of the defendant, but may make this determination from transcripts of the preliminary hearing as well as the probation report." State v. Brown, 15 Ariz.App. 48, 485 P.2d 872 (1971). Here, the trial judge was supplied with a full transcript of the proceedings had at the preliminary hearing, and conducted an extensive mitigation hearing prior to entry of judgment. From a reading of the transcript of the mitigation proceedings, it is apparent that the Court had conducted a thorough investigation into the facts underlying the crime with which the defendants were charged, and was well aware of

the factual basis for the defendant's plea prior to entry of judgment.

The judgment is affirmed.

HAIRE, and EUBANK, JJ., concur.

---

2. See State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971) and State v. Gilbreath, 107 Ariz. 323, 487 P.2d 390 (1971) indicating that Federal Rule 11, other than

as encompassing the requirements enunciated in Boykin, is not applicable to the states.