503 P.2d 411

STATE of Arizona, Appellee,

v.

William C. SCHULENBERG, III, Appellant.

No. 1 CA–CR 417.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 28, 1972.

Rehearing Denied Dec. 27, 1972.

Review Denied Jan. 23, 1973.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender of Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Judge.

Following a guilty plea to the crime of theft of an automobile in violation of A.R.S. § 13–672 (1968) and a sentence to the state prison of not less than three nor more than four years imposed thereon, the defendant, William C. Schulenberg, III, has appealed.

Defendant's counsel has filed an *Anders* [1] brief in this court raising the issue that the trial court failed to ascertain a factual basis for the defendant's plea of guilty. Our review of the record fails to sustain this contention.

At the time of accepting the plea, the trial court in addressing the defendant personally and in the presence of his court-appointed counsel, developed the following:

"THE COURT: Do you understand that by the information filed in this case as amended that you are charged with the crime of auto theft, a felony?

"THE DEFENDANT: Yes, sir.

"THE COURT: That in particular the charge is that on or about May 16, 1970, in the County of Maricopa, State of Arizona, that you did then and there steal from Earnhardt Ford Company, a motor

1. Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

vehicle described as a 1970 Mustang Mach I, two-door serial number 6P05R125533?

"THE DEFENDANT: Yes, sir.

"THE COURT: With the intent to permanently deprive the owner thereof?

"THE DEFENDANT: Yes, sir.

"THE COURT: In violation of the Arizona Revised Statutes?

"THE DEFENDANT: Yes, sir.

"THE COURT: You fully understand the crime that's charged against you?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you desire to enter a plea of guilty to the crime of theft of auto, a felony, as charged in the information?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you discussed with your attorney as to what may happen as a result of your plea of guilty to this crime?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that you are pleading guilty to the crime of auto theft, a felony?

"THE DEFENDANT: Yes, sir."

In addition, the trial court advised the defendant of the maximum possible sentence that could be imposed, that the defendant by pleading guilty was waiving his constitutional right against self-incrimination, of trial by jury and of confrontation of accusers, and further ascertained that the plea was voluntary.

In addition, at the time of sentencing, the trial court also conducted the following interrogation of the defendant:

"THE COURT: On April 16, 1971, you entered a plea of guilty to the crime of auto theft, a felony, as charged in the information as amended, is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Since that date you've had the opportunity to consider the matter of your plea of guilty and to discuss it with your counsel. Do you wish your plea of guilty to stand?

"THE DEFENDANT: Yes, sir.

"THE COURT: On the basis of the record made at the time the defendant entered his plea of guilty and the statements made to the probation officer, the court is satisfied that there is a factual basis for the plea of guilty of the defendant."

Contrary to the defendant's contention, we find the interrogation by the trial court of the defendant in the presence of his counsel to be a model of completeness, and that a more than satisfactory showing of the factual basis for defendant's plea of guilty was presented. State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971).

Defendant contends, however, that the trial court failed to explain the elements of the crime to the defendant. This court and the Arizona Supreme Court have held on numerous occasions that such an explanation is not required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), it being sufficient if the trial court, not the defendant, is satisfied that the factual basis of the defendant's acts meets the crime charged. State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971); State v. Miller, 15 Ariz.App. 327, 488 P.2d 683 (1971); State v. Jackson, 14 Ariz.App. 594, 485 P.2d 583 (1971). In our opinion, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), cited by the defendant, does not change this result.

Pursuant to the mandate of Anders v. State of California, *supra*, we have reviewed the record for prejudicial error and have found none.

Judgment affirmed.

HAIRE, C. J., Division 1, and EUBANK, J., concur.