137 Ariz. 420 (1983)
671 P.2d 399
STATE of Arizona, Appellee,
v.
Camacho Hoton BERNAL, Appellant.
No. 5699.
Supreme Court of Arizona, In Banc.
September 28, 1983.
Rehearing Denied November 1, 1983.
*421 Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.
Polley & Polley Law Offices by Karl Elledge, Sierra Vista, for appellant.
Camacho Hoton Bernal, in pro. per.
CAMERON, Justice.
Defendant was convicted of one count of burglary, second degree, former A.R.S. § 13-302, and one count of grand theft, former A.R.S. § 13-661, and received concurrent sentences of twenty years to life for the burglary, and nine to ten years for the grand theft. The defendant unsuccessfully appealed the convictions and sentences to the Court of Appeals, Division Two, 125 Ariz. 51, 607 P.2d 34 (App. 1980). Defendant petitioned this court for a delayed appeal, and for review of his post conviction petition pursuant to Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S. We granted defendant's petition because the Court of Appeals lacked jurisdiction to consider the appeal since the penalty actually imposed was life imprisonment, and exclusive appellate jurisdiction lies in this court. A.R.S. §§ 12-120.21(A)(1) and 13-4031. See also Arizona Constitution, Article 6, Section 5(3).
We must resolve the following issues:
1. Did the trial court comply with Rule 17, Rules of Criminal Procedure, 17 A.R.S., in accepting defendant's admission of a prior felony conviction?
2. Was defendant denied effective assistance of counsel?
3. Was defendant's right to trial by an impartial jury violated?
The facts necessary for a resolution of these issues are as follows. The defendant was charged with three counts of burglary and three counts of grand theft. Less than 20 days before trial, the State filed two motions for leave to add two allegations of prior convictions. These motions were granted by the trial court. Defendant personally denied the prior conviction in Graham County, but admitted, through his attorney, a prior conviction in Cochise County.
After returning guilty verdicts in the present case, the jury heard the State's evidence concerning the allegation of the defendant's prior conviction in Graham County, and found this allegation to be true. The trial court sentenced defendant to a minimum of twenty years and maximum of life imprisonment for second-degree burglary, and a minimum of nine years and maximum of ten years for theft, both sentences to be served concurrently. The sentences were enhanced by the prior convictions, pursuant to former A.R.S. § 13-1649 (now § 13-604).
Defendant appealed to the Court of Appeals, Division Two, and briefs were filed by both parties. The Court of Appeals, which was without jurisdiction under A.R.S. § 13-4031 and § 12-120.21(A)(1) to hear this case, nevertheless issued an opinion on 8 February 1980 upholding the trial court's *422 decision. State v. Bernal, 125 Ariz. 51, 607 P.2d 34 (App. 1980).
Numerous post-conviction petitions were filed by defendant in the trial court without success. A petition for special action was filed with this court on 10 September 1982. Noting the jurisdictional defect, we vacated by order the Court of Appeals decision granting defendant a delayed appeal to this court. On 7 January 1983 defendant additionally filed a petition for post-conviction relief in the trial court. Defendant requested, and we granted, a stay of his appeal pending resolution of this petition. The trial court dismissed defendant's petition, and we consolidated his delayed appeal with a review of the dismissal of his petition for Rule 32 relief.
PRIOR CONVICTION
First, defendant argues that the trial court did not comply with Rule 17.6, Arizona Rules of Criminal Procedure, 17 A.R.S., in accepting defendant's plea of guilty to the prior conviction in Graham County. The Rule states:
Whenever a prior conviction is charged, an admission thereto by defendant shall be accepted only under the procedures of [Rule 17], unless admitted by the defendant while testifying at trial.
Under Rule 17 the trial court must:
determine that [defendant] understands the following:
a. The nature of the charge to which the plea is offered * * *;
b. The nature and range of possible sentence for the offense to which the plea is offered;
c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and
d. His right to plead not guilty. Rule 17.2, Arizona Rules of Criminal Procedure, 17 A.R.S.
Thus the court must "advise a defendant of his rights and of the consequences of pleading guilty * * *." State v. Canaday, 119 Ariz. 335, 336, 580 P.2d 1189, 1190 (1978). Our rules and case law comply with the United States Supreme Court in this area. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969). See also State v. Ellis, 117 Ariz. 329, 333, 572 P.2d 791, 795 (1977); State v. Cuthbertson, 117 Ariz. 62, 64, 570 P.2d 1075, 1077 (1977).
In the instant case, the court addressed the defendant through an interpreter. Although the court informed the defendant of the possible results of the plea, there was no dialogue whatsoever between the defendant and the judge concerning defendant's understanding of the statement of the court and the various rights he was forgoing by admitting the prior conviction. The only question asked of the defendant was:
THE COURT: * * * Now, having advised you of these rights, do you wish to admit or deny the allegation of the prior conviction in Cochise County?
MR. DeFRANCESCO [defendant's attorney]: He admits the allegation of the prior conviction in Cochise County.
We do not believe this procedure complies with our rule or federal and state case law. The admission was made by defendant's attorney rather than by defendant personally, and the record does not show that the defendant understood the procedure, the rights he was waiving, or did in fact agree with his counsel. Admittedly, we have held under former Rule 180, Rules of Criminal Procedure, 17 A.R.S.:
It is commonplace for an accused to speak and act through his attorney. The attorney-client relationship has been described as one of agency and general laws of agency apply. [citation omitted] When an accused is present in a courtroom, the trial judge is entitled to rely on, and the accused is bound by, the actions and concessions of his attorney. State v. Brown, 107 Ariz. 252, 255, 485 P.2d 822, 825 (1971).
We might be persuaded to hold the same in this case if the defendant spoke English and we could assume he understood the admonition of the judge, the statements of his *423 attorney, and the dialogue between the two. Here the defendant remained silent throughout the entire proceeding concerning admission of the alleged prior conviction. The admission is therefore set aside.
This does not mean, however, that the enhanced punishment must also be set aside. The jury also found the defendant had a second prior conviction, and if that is valid, the enhanced punishment was properly imposed by the court.
As to the second prior conviction, defendant challenges the introduction of "mug shots" and certified records of fingerprints to prove the prior conviction in Graham County. This hearing took place before the jury, after the defendant had been found guilty of the crime charged, as provided by Rule 19.1(b), Arizona Rules of Criminal Procedure, 17 A.R.S. Introducing mug shots in an effort to prove a prior conviction is not impermissible, and we have allowed such an introduction in previous cases. State v. McGonigle, 103 Ariz. 267, 272, 440 P.2d 100, 105 (1968), rehearing on different grounds sub. nom, State v. Allen, 105 Ariz. 267, 463 P.2d 65 (1969); State v. Baca, 102 Ariz. 83, 87, 425 P.2d 108, 112 (1967). The introduction of a certified copy of defendant's fingerprints is also permissible. See Rule 902(4), Arizona Rules of Evidence, 17A A.R.S. (Supp. 1982-83); State v. Piedra, 120 Ariz. 53, 58, 583 P.2d 1373, 1378 (App. 1978). We find no error.
The defendant also contends that the State did not file the allegation of defendant's prior convictions in accordance with the Arizona Rules of Criminal Procedure and former A.R.S. § 13-1649(C). Defendant refers us to two rules of criminal procedure: Rule 13.5 and Rule 16.1. Rule 13.5 allows a prosecutor to amend an indictment to add an allegation of prior conviction, and Rule 16.1 states that "all motions shall be made no later than 20 days prior to the date set for trial." Rule 16.1, Arizona Rules of Criminal Procedure, 17 A.R.S. The state admitted that both motions were filed less than 20 days prior to trial.
Rule 16.1(b), however, must be read with Rule 16.1(a), which provides that the Rule 16.1(b) time period is applicable to the present case, unless another rule (or statute) specifically governs the situation. Former A.R.S. § 13-1649(C) specifically provided:
The Court in its discretion may allow the allegation of a prior conviction at any time prior to trial, provided that when the allegation is filed, the state must make available to the defendant a copy of any material or information concerning the prior conviction.
We have stated in interpreting this statute:
During the time period set forth in [Rule 16.1], the filing of the allegation of prior conviction is solely within the discretion of the prosecutor. Thereafter, when an allegation of prior conviction is filed, the court may exercise its discretion as set forth in A.R.S. § 13-1649(C). State v. Birdsall, 116 Ariz. 112, 114, 568 P.2d 419, 421 (1977).
In the instant case the State alleges that the defendant was notified through discovery material, provided defendant over two months before trial, that the prosecutor intended to allege the defendant's prior conviction when the State obtained sufficient information to do so. Although the record before us does not contain this material, the statement was not contested by the defendant in his reply brief.
Under the circumstances, we do not believe the trial court abused its discretion by allowing a late filing of the allegation of a prior conviction. A.R.S. § 13-1649(C) also required that the State "make available to the defendant a copy of any material or information obtained concerning the prior conviction." It is evident from the record that the State complied with this requirement. We find no error.
EFFECTIVE ASSISTANCE OF COUNSEL
We note that this allegation was the subject of a Rule 32 petition by the defendant, which was dismissed by the trial court. We do not find that the defendant was *424 inadequately represented by counsel. The defendant has not, however, been afforded the opportunity to have a hearing on this allegation, as his attempt to have such a hearing was foreclosed by the dismissal of his petition for a Rule 32 hearing. See State v. Watson, 134 Ariz. 1, 653 P.2d 351 (1982).
We therefore hold that the matter must be remanded to the trial court for a Rule 32 hearing on defendant's allegation of ineffective assistance of counsel.
JURY SELECTION AND POSSIBLE DISCRIMINATION
Defendant further alleges that the jury was neither properly selected, nor impartial.
A.R.S. § 21-312 requires that jurors names be "publicly drawn from the master jury box or master jury wheel * * *." In the present case, an employee in the court clerk's office drew the prospective jurors' names from a qualified jury box while seated at her desk in the clerk's office. The employee's desk was behind a counter, and this desk was in plain view of anyone standing in front of the counter. The public was allowed to stand in front of the counter and view the drawing of the jurors' names. Defendant argues that since the names were not actually "called out loud," the drawing was not a public drawing. We disagree. Although announcing "out loud" the names drawn is obviously the better practice, it is not required by A.R.S. § 21-312. According to the record, the drawing was held in plain view of any person who wished to observe the drawing, and was therefore a public drawing.
Defendant also contends that his right to an impartial jury was violated because of the thirty-eight names drawn for his jury list, only two were Hispanic, and only one Hispanic juror actually sat on the jury panel. At the time of trial, juries in this state were compiled through the use of voter registration lists.
To prove a prima facie case of lack of impartial jury selection, defendant must meet a three-pronged test. First, defendant must prove that the group allegedly excluded is a distinct class. Duren v. Missouri, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 587 (1979); Castaneda v. Partida, 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498, 510 (1977). Second, the defendant must demonstrate through statistical analysis, "the percentage of the community made up of the group alleged to be underrepresented, for this is the conceptual benchmark for the Sixth Amendment fair cross-section requirement." Duren v. Missouri, supra, 439 U.S. at 364, 99 S.Ct. at 668, 58 L.Ed.2d at 587; see also Castaneda v. Partida, supra, 430 U.S. at 494, 97 S.Ct. at 1280, 51 L.Ed.2d at 510. Third, defendant must show that the group was "systematically excluded" during the selection process. Duren v. Missouri, supra, 439 U.S. at 364, 99 S.Ct. at 668, 58 L.Ed.2d at 587; Castaneda v. Partida, supra, 430 U.S. at 494, 97 S.Ct. at 1280, 51 L.Ed.2d at 570-71.
Whether defendant met the first two prongs of this test is questionable. Defendant never asked the trial court to take judicial notice of the fact that Hispanics are a distinct group, which the court easily could have done. Neither did defendant present any statistical evidence demonstrating the percentage of Hispanics in Cochise County, the place of trial. It is arguable, however, that the court took judicial notice of a particular percentage:
MR. DeFRANCESCO: I received the [jury] list this morning, and what disturbs me is that I note one Hispanic name on the entire list.
In a county with the nature of Cochise County, the City of Douglas, the City of Bisbee, and other parts of the county, with a heavy Mexican-American population, this county is, and the Court can almost take judicial notice 
THE COURT: 30 to 40 percent [Hispanic].
But even if we could say that defendant carried his burden concerning the first two prongs of the test, defendant clearly did not carry his burden concerning the third prong, as he failed to prove systematic *425 exclusion of Hispanics from the jury list:
Mere observation that a particular group is underrepresented on a particular panel does not support a constitutional challenge. [citation omitted] One is not entitled to a jury composed of the exact proportion of one's race which exists in the general population.
* * * * * *
Jurors in Arizona are selected at random from voter registration lists. * * * The use of voter registration lists as the sole source of the names of potential jurors is not constitutionally invalid, absent a showing of discrimination in the compiling of such voter registration lists. [citations omitted] Those who do not choose to register to vote cannot be considered a "cognizable group." Their nonregistration is a result of their own inaction; not a result of affirmative conduct by others to bar their registration. [citations omitted] State v. Lee, 114 Ariz. 101, 103, 559 P.2d 657, 659 (1976). Accord, State v. Lujan, 124 Ariz. 365, 369, 604 P.2d 629, 633 (1979).
Since defendant did not prove systematic exclusion, we find no violation of defendant's constitutional right to an impartial jury.
We have examined the record for fundamental error as required by A.R.S. § 13-4035 and find none.
The defendant's convictions and sentences are affirmed. The matter is remanded to the trial court for a hearing pursuant to Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S., to consider defendant's allegation on ineffective assistance of counsel.
HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.