NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ELOY SIERRA, JR., *Appellant*.

No. 1 CA-CR 24-0181
FILED 12-19-2024

Appeal from the Superior Court in Yavapai County
No. P1300CR202201506
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

**¶1** Eloy Sierra, Jr. appeals his convictions and sentences for: (1) Aggravated Assault Per Domestic Violence, a class 4 felony; (2) Aggravated Domestic Violence Per Domestic Violence, a class 5 felony; and (3) Criminal Trespass in the First Degree, a class 1 misdemeanor. After searching the entire record, Sierra's defense counsel identified no arguable, non-frivolous question of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.

**¶2** In May 2024, we issued an order permitting Sierra to file a pro se supplemental brief. On July 30, 2024, we received a 19-page letter from Sierra, dated February 6, 2024, and postmarked July 25, 2024, accompanied by 37 pages of annotated-photo exhibits. Although Sierra's letter was delivered to this Court, it appears to address the superior court. Because the filing deadline has passed without further submissions or correspondence from Sierra, we treat his February letter as his pro se supplemental brief and address the issues raised therein. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶3** On December 3, 2022, a neighbor was awoken by S.E.[1] screaming. The neighbor saw S.E. pleading with Sierra as he approached her. The neighbor ran outside and saw Sierra choking S.E.; she broke free and ran to the neighbor's yard for safety. The neighbor handed her a phone, and when S.E. mentioned she intended to call the father of her child, Sierra charged through the gate and into the yard. Sierra cried and accused S.E. of infidelity before leaving the yard.

---

[1] We use victim identifiers in place of the victims' names to protect their identities. Ariz. R. Sup. Ct. 111(i).

¶4   Police responded to a radio call from a neighbor reporting domestic violence and arrived to find S.E. crying and visibly upset. She stated that Sierra strangled her during an argument, showed the medical staff where she was choked, and complained of chest pain. Sierra was arrested.

¶5   S.E. testified at trial that, while having consensual-rough sex with Sierra, she had an epileptic seizure. She had a history of seizures and kept a log of her seizures for disability-benefits purposes. She did not log a seizure that night. Sierra testified and told police that S.E. had a seizure during rough sex involving choking and that he came to her aid.

¶6   Prior to trial, the State disclosed potential evidence including photos, body-cam footage, and 911 calls. Sierra stipulated to their admission as evidence at trial. The State also alleged two prior domestic-violence convictions which Sierra stipulated to at trial. The State offered Sierra a plea deal and the superior court held a hearing pursuant to *State v. Donald*, 198 Ariz. 406 (App. 2000). Sierra rejected the State's offer and proceeded to trial. Sierra participated in voir dire and did not object to the final jury instructions, which accurately reflected the statutory elements of his charges. A jury of eight, with two alternates, was empaneled; the final jury contained one man and seven women.

¶7   Sierra, S.E., the neighbor, and two police officers testified at the two-day jury trial. The State presented photos of S.E.'s injuries and the officers' body-cam footage. Sierra did not request that an expert evaluate the photos showing strangulation marks on S.E.'s neck, nor did he allege prosecutorial misconduct. A police officer testified about Sierra's two prior domestic-violence convictions. The jury returned guilty verdicts on Counts 1-3. During the aggravation hearing, the jury found the State had proven Sierra's two prior convictions for sentencing purposes.

¶8   Sierra addressed the superior court at his sentencing. The court sentenced him as a category-three repetitive offender to concurrent, presumptive terms of imprisonment: ten years in prison for Count 1, five years in prison for Count 2, and 180 days in county jail for Count 3. The court also gave 461 days of presentence-incarceration credit.

¶9   Sierra timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶10          Sierra raises several issues in his supplemental brief, none of which he raised at trial.  Thus, we review only for fundamental, prejudicial error.  *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  We view the facts in the light most favorable to sustaining Sierra's convictions and resolve all reasonable inferences against him.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

### I.        Ineffective Assistance of Counsel.

¶11          Sierra asserts his counsel was ineffective.  We will not consider claims of ineffective assistance of counsel on direct appeal.  *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) (finding that ineffective-assistance-of-counsel claims must be brought in a petition for post-conviction relief).

### II.       Jury Composition.

¶12          Sierra argues the jury was tainted because it was mostly women.  A defendant may be entitled to a new trial for juror misconduct "if the defense shows actual prejudice *or if prejudice may be fairly presumed from the facts*."  *State v. Miller*, 178 Ariz. 555, 558 (1994).  A defendant may also be entitled to a new trial for lack of impartial jury selection by proving a distinct class was statistically underrepresented in the jury pool such that they were systematically excluded during the selection process.  *State v. Bernal*, 137 Ariz. 421, 425 (1983).  Because Sierra provides no examples or citations to support his assertion of prejudice based on jury composition or gender-based-systematic exclusion, he has not demonstrated any error.

### III.      Sufficient Evidence.

¶13          Sierra challenges the sufficiency of evidence supporting his convictions.  "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction."  *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424–25 (1976)).  Here, the record reflects ample evidence supporting the elements of the charged offenses and the jury verdicts. *Supra* ¶¶ 3–4, 7.

### IV.      Alleged Prosecutorial Misconduct.

¶14          Sierra asserts the prosecutor engaged in discovery violations, modified photo exhibits, skewed S.E.'s testimony in interviews, and committed other misconduct by not dropping his charges or putting him in

contact with S.E. Sierra provides no examples or record citations to support his assertions. Nor does our independent review of the record support his allegations.

## V.      No Fundamental Error.

**¶15**      In addition to evaluating the arguments raised in Sierra's supplemental brief, we have conducted an independent review of the record. Our review revealed no fundamental error. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the record reveals that Sierra was present at all critical stages of the proceedings and represented by counsel. *See* Ariz. R. Crim. P. 6.1, 19.2. The State presented sufficient evidence from which the jury could determine Sierra's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The jury was comprised of eight members. *See* A.R.S. § 21-102(B). The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses. The court received a presentence report. Ariz. R. Crim. P. 26.4. The court afforded Sierra an opportunity to speak at sentencing, imposed sentences within the statutory limits, and stated on the record the evidence and factors it considered in imposing the sentences. *See* A.R.S. §§ 13-701, -703(J), -707(A)(1); Ariz. R. Crim. P. 26.9–26.10.

## CONCLUSION

**¶16**      We affirm Sierra's convictions and sentences. Upon the filing of this decision, defense counsel shall inform Sierra of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Sierra shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    TM