474 P.2d 864

The STATE of Arizona, Appellee,

v.

Juan Joseph BERNAL, Appellant.

No. I CA–CR 267.

Court of Appeals of Arizona, Division 1.

Sept. 29, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

H. K. Wilhelmsen, Prescott, for appellant.

KRUCKER, Judge.

Juan Joseph Bernal entered a plea of guilty to the crime of burglary, second degree, was sentenced to a term of not less than two nor more than five years in the Arizona State Prison, and this appeal was taken. The only question raised is whether there was error in not appointing counsel to represent the defendant under the facts and circumstances of this particular case.

 There is no question that the court must appoint counsel in a criminal case where a defendant, charged with a felony, is an indigent person. Arizona Constitution, Art. 2, § 24, A.R.S.; Rule 163, Rules of Criminal Procedure, 17 A.R.S.; State v. McGonigle, 103 Ariz. 267, 440 P.2d 100 (1968); State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969).

It is necessary to give a brief synopsis of the facts leading up to defendant's plea of guilty. On November 25, 1969, defendant appeared before the trial court on a hearing as to his indigency. He was found to be indigent, and counsel was appointed to represent him. On December 3, 1969, because of a conflict of interest, appointed counsel was relieved of his duties and a second attorney was appointed.

On December 10, 1969, at a hearing in open court with defendant present, the court found that the defendant had some property (a 1955 automobile) from the sale of which counsel might be employed, and the court stated:

"* * * it is Ordered that the matter be continued to December 17, 1969 at 1:30 P.M. in order to permit defendant the opportunity to sell said property and in the event defendant is unable to find a purchaser, the Court will appoint counsel to represent him and direct counsel to sell said property.

The defendant is remanded to the custody of the Sheriff."

At the hearing on December 10th, the following took place in open court:

"THE COURT: * * * If this isn't done by next Wednesday, a week away, then I would direct that Mr. Bernal be brought back on December 17th, and a further adjudication made relative to the car. It will give you a week to try and dispose of this car and employ your own counsel.

If you sell this vehicle, then you would make arrangements to employ your own attorney.

MR. NEIL: I think he is under the impression he is going to be able to get out.

THE COURT: I am not releasing you.

THE DEFENDANT: I would like to make a phone call.

THE COURT: Certainly you will be entitled to make phone calls in this matter. And if you haven't been able to make a sale and hire your own counsel, then I will rehear this matter on the 17th. We will give you another week.

Any questions?

THE DEFENDANT: I am going to call my dad to see if he can sell it. If he can't sell it, what will happen?

THE COURT: Well, if he can't sell it, I will direct that some attorney make the sale, the best deal made on the car, and the funds will aid you in your defense.

If you can make your own sale, then you have a right to hire your own attorney, and you will be given an opportunity to make calls.

THE DEFENDANT: My dad has an attorney and he told me, 'Do you want me to send my attorney up to you?'

THE COURT: Certainly, if your folks want to send an attorney, you have a right to secure your own attorney of your own choice and that will help you

to facilitate matters. Certainly, if he can employ an attorney, maybe you won't have to sell the car. I can't appoint an attorney when you have that much equity."

On December 11, 1969, defendant was arraigned:

"THE COURT: Next cause, Criminal Cause 6350, State versus Juan J. Bernal.

Mr. Bernal, on two prior occasions the Court has had you present relative to the employment of counsel. At the last hearing, it is my understanding that you wanted an opportunity to consult with your parents about counsel if you deemed it advisable and to determine the plans for the disposal of your assets, your automobile, so that you would have funds.

What is the situation at this time? I am informed by the Deputy County Attorney that you wish to proceed without counsel; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And you fully understand that you do have a right to secure your counsel, but you wish to proceed without counsel?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Are you ready to proceed with the arraignment?

Before you formally proceed, although I went over this with you on two prior occasions, I will again state to you that at this stage of the proceedings, you have a right to employ your own counsel. If you are an indigent person, the Court will appoint counsel. You heretofore had a feeling in which it appears you do have assets and you are not an indigent person, and you were given an opportunity to secure counsel.

As I understand, you don't wish to sell your vehicle and hire your own counsel, but you wish to proceed without counsel; is that correct?

THE DEFENDANT: Yes.

THE COURT: You should also know, as I have told you before, but I will tell you again, that at this proceeding, the arraignment, you either enter a plea of guilty or not guilty. If you enter a plea of not guilty, your trial will be set, and you will be tried before a jury. If you are found guilty by the jury, then it will be the duty of the Court to pronounce sentence after studying the pre-sentencing report. If you are found not guilty, you will be released after the trial. If you enter a plea of guilty, it will be the duty of the Court to study the pre-sentencing report and determine what, if any, punishment should be meted out in this particular case.

Prior to entering a plea in this matter, I will read the punishment as set forth under the statute. The punishment set forth under the statute in this case, under Section 13–302:

'Burglary committed in the daytime is burglary of the second degree, punishable by imprisonment in the State Prison for not to exceed five years.'

Do you have any questions relative to this arraignment at this time?

THE DEFENDANT: No, but I couldn't sell my car because my dad couldn't do without it.

THE COURT: Well, do you want to be given an opportunity to sell your car and have counsel, or do you wish to proceed with the arraignment at this time? I will give you an opportunity and continue this arraignment and give you an opportunity to make a sale if you so desire.

THE DEFENDANT: No.

THE COURT: Do you wish to proceed with the arraignment?

THE DEFENDANT: Yes.

THE COURT: All right.

\* \* \* \* \* \*

THE CLERK: Is Juan Jose Bernal your true and correct name?

A. Yes.

THE CLERK: And how do you plead, guilty or not guilty to the charge?

THE DEFENDANT: Guilty.

THE COURT: Before the Court can formally accept the plea of guilty, I would ask you whether or not there were any promises of leniency made to you by any person in exchange for your entering such a plea?

THE DEFENDANT: No, sir.

THE COURT: Were you threatened or forced or coerced in any manner to make this plea?

THE DEFENDANT: No.

THE COURT: Is this a free and voluntary plea on your part?

THE DEFENDANT: Yes.

THE COURT: Did you, in fact, as charged in this Information; did you on or about the 11th day of November, 1969, enter Smith's Fashion Fabrics in the daytime with the intent to commit a theft therein?

THE DEFENDANT: Yes, sir."

\* \* \* \* \* \*

The defendant was brought before the Court on December 23rd for sentencing and was again asked if he wanted to proceed without counsel and again fully advised of his constitutional rights.

 Defendant was originally found by the court to be an indigent person. Then defendant contended he had assets, so the court gave defendant time to sell his assets and secure an attorney. Apparently after this time defendant chose to not sell the car, and go without an attorney altogether. The court elicited these facts as is obvious from the transcript quoted above. We hold therefore that the defendant, under the facts before us, made a voluntary and intentional waiver of his right to counsel, and the learned trial judge was thus correct in accepting his plea of guilty.

In defendant's brief there is an argument made that the court was offering defendant the choice of no counsel at all or having an attorney appointed, not of defendant's choice, for which he would then be required to pay. We do not believe the interchange between the court and the defendant upholds such a contention. The court did offer to appoint counsel to help defendant sell his car if so needed, but we do not believe he suggested what defendant contends.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.