484 P.2d 1

**STATE of Arizona, Appellee,**

**v.**

**Ralph Singleton JOHNSON, Appellant.**

No. 2054.

Supreme Court of Arizona,
In Division.

April 21, 1971.

Rehearing Denied May 25, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, former Asst. Atty. Gen., and Andrew W. Bettwy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Vice Chief Justice.

Appellant, Ralph Singleton Johnson, entered a plea of guilty to charges of child molesting and lewd and lascivious acts. From the judgment of conviction and sentence he appeals.

On February 17, 1969, appellant was charged by information and entered a plea of not guilty to three counts of child molesting; four counts of lewd and lascivious acts; and two counts of sodomy. Shortly thereafter, a hearing was held during which appellant moved, through his counsel, to enter a plea of guilty to one count of lewd and lascivious acts[1] and two

1. § 13-652. Lewd and lascivious acts; definition; punishment
   A person who wilfully commits, in any unnatural manner, any lewd or lascivious act upon or with the body or any part or member thereof of a male or female person, with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons, is guilty of a felony punishable by imprisonment for not less than one nor more than five years. If such person

counts of child molesting.[2] Each of the three counts alleged that the victim of the offense was a child under fifteen years of age.

Prior to accepting the change of plea, the trial judge determined that appellant was fifty-five years of age; that he had earned several degrees from various universities; that he was offering the change of plea with the understanding that other charges would be dismissed; that his attorney had previously explained the charges and that he understood them. Appellant also informed the court that he was aware of and wished to waive his right to a jury trial; that no promises had been made with respect to the sentence he would receive and that he was guilty. Appellant further indicated that he was aware of the fact that he could receive from five years to life imprisonment for child molesting and that his sentence could not be determined until a thorough investigation had been made by the probation office. The trial court found that appellant's plea of guilty was made voluntarily, intelligently and with an understanding of the consequences. A plea of guilty was entered to three counts of the information and the six remaining counts were dismissed. Another cause then pending against appellant was dismissed in its entirety. On March 19, 1969, appellant received consecutive sentences of not less than ten nor more than twenty years on each of the three counts.

Appellant contends that his conviction cannot stand because the record does not reflect (1) that the judge determined the factual basis of the charges; (2) that appellant was advised of the range of sentence for the charge of lewd and lascivious acts; or (3) that appellant was informed of the parole, good behavior, and double time restrictions outlined in the statutes he was accused of violating.

Appellant makes no claim that he was in fact ignorant of the foregoing matters at the time he entered his change of plea. Instead, he relies solely upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), wherein the United States Supreme Court held, with respect to guilty pleas, that the record itself must show that a defendant entered such plea as a result of his intentional relinquishment of known constitutional rights. Boykin was handed down on June 2, 1969, almost three months after appellant entered his plea of guilty. Since we have previously held that we will apply the mandate of Boykin only prospectively, State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969), appellant's claim of error must be judged with reference to the basic fairness of these proceedings rather than to rigid standards subsequently promulgated of which the trial judge could not have been aware.

■ We are of the opinion that the record, as it stands, fairly and reasonably

commits the act as described in this section upon or with a child under the age of fifteen years, such person shall be punished by imprisonment in the state prison for not less than five years nor more than life without the possibility of parole until the minimum sentence has been served.

2. § 13–653. Molestation of child; punishment

A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under

the age of fifteen years to fondle, play with or touch the private parts of such person shall be guilty of a felony punishable by imprisonment in the state prison for not less than one year nor more than life without the possibility of parole until the minimum sentence has been served. In no event shall a person who is convicted under the terms of this section be entitled to the good behavior deduction and the double time deduction prescribed by the provisions of subsection B of § 31–251 and subsection A of § 31–252 until he has served at least one year.

indicates that appellant entered his guilty plea voluntarily and with an understanding of its significance. Appellant, a well educated man of mature years, gave the judge reasonable grounds to believe that he understood his rights and was entering the change of plea with his eyes open. The fact that appellant discussed the charges with his attorney indicates that he was aware of the possible consequences of entering a plea of guilty. State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971).

■ In State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (filed April 15, 1971), we indicated that the trial court is not required to detail all possible ramifications of sentencing under a plea of guilty, especially when defendant is represented by counsel.

Appellant next contends that the sentence is ambiguous because the language of the trial judge is consistent with both concurrent and consecutive sentences. The transcript relating to the sentence reads as follows:

> "THE COURT: It appearing to the Court by reason of your plea of guilty that you are guilty, it is the judgment of this court that you are guilty of the crime of Count 1, child molesting, Count 5, child molesting, and Count 6, lewd and lascivious acts, all committed with children under the age of fifteen, and as punishment for these crimes, all felonies, it is ordered that you be incarcerated at the Arizona State Penitentiary at Florence, Arizona for a term of not less than ten nor more than twenty years on Count 1; a term of not less than ten years nor more than twenty years on Count 5; and a term of not less than ten nor more than twenty years on Count 6 as listed previously. This sentence shall begin from the date you were first incarcerated in the Maricopa County Jail, January 13, 1969. Then sentences imposed by this Court will be consecutively.

> *   *   *   *   *   *

> APPELLANT: Your Honor, if I can— did you say consecutively or concurrently?

> THE COURT: I said consecutively."

It appears clear that the judge referred to the three separate sentences as a total sentence under the same cause before him when he said: "this sentence shall begin from the date you were first incarcerated." It is also quite clear that he ordered the three individual sentences to run consecutively. Obviously, the sentence on count one would commence first with the sentences on the remaining counts following in order. We find no ambiguity here.

■ Appellant finally argues that the trial judge abused his discretion by ordering the sentences to run consecutively rather than concurrently. We do not agree. This Court has previously held that a sentence will not be disturbed so long as the trial judge stays within the statutory limits and does not abuse his discretion. State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967); State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386 (1966). The record indicates a careful consideration by the trial court of the background of the defendant and the offenses charged. We do not find an abuse of discretion.

Judgment of the trial court is affirmed.

UDALL and LOCKWOOD, JJ., concur.