485 P.2d 822

**STATE of Arizona, Appellee,**

v.

**Walter Wayne BROWN, Appellant.**

**No. 2048.**

Supreme Court of Arizona,
In Banc.

June 10, 1971.

Rehearing Denied July 7, 1971.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, and William Carter, Deputy Public Defender, Phoenix, for appellant.

HAYS, Vice Chief Justice.

Appellant, Walter Wayne Brown, was informed against for first degree burglary with a prior. After the jury returned a verdict of guilty with respect to the burglary offense, appellant admitted the prior conviction through his counsel. On April 29, 1969, appellant was sentenced to serve not less than ten nor more than ten years and one day in the state prison. On September 16, 1969, we granted appellant's motion to bring this delayed appeal.

The facts may be briefly summarized. Natalie Gurule resided in an apartment dwelling across the street from another apartment occupied by Mr. and Mrs. Mc-Colm. On October 26, 1968, at approximately 2:00 a. m., Mrs. Gurule noticed a person acting in a suspicious manner near the McColm apartment and continued to observe his movements. She watched as he entered that apartment through the living room window. A few minutes later, he departed through the same window carrying a small object. After disappearing around the corner of the building, he reappeared and again entered the McColm apartment through the window. At this time, two Phoenix police officers were approaching the scene in their patrol car. Mrs. Gurule ran outside and told them what she had seen. After Officer Bennett stationed himself at the rear of the apartment, Officer Hunsaker knocked on the front door, announced that he was a police officer and ordered the suspect to come out. A few moments later, appellant stepped outside and was placed under arrest.

At the time of his arrest, appellant was in his stocking feet. Upon an immediate search of the outside premises, the officers found a pair of shoes which had been placed next to the wall near the corner of the building. The officers also dis-

Gary K. Nelson, Atty. Gen., by Carl Waag, Former Asst. Atty. Gen., Phoenix, for appellee.

covered Mrs. McColm's purse on the ground next to the shoes.

■ Appellant makes the claim that several statements made during the course of the trial constituted fundamental error thereby depriving him of a fair trial. Appellant complains that the state established from Officer Bennett that Bennett advised appellant of his constitutional rights; that Bennett read those rights in the presence of the jury from the "rights card" carried by Phoenix police officers; that Sergeant Smith testified that after he arrived at the scene he had instructed the other officers to advise appellant of his rights and to ask no questions of him and that when Hunsaker appeared confused by a question asked by appellant's own counsel as to whether appellant had volunteered any information, the trial judge, in an attempt to clarify the question, told Hunsaker: "He meant did he volunteer information to you, not anyone else." Appellant contends that these statements called undue attention to his constitutional right to remain silent and constituted improper comment thereon. We find this contention to be without merit.

It is too well settled to require citations that neither the trial judge nor the prosecutor may make a direct comment about a defendant's failure to testify or deny accusations. However, the statements of which appellant complains clearly do not fall within this rule. Appellant argues that since the state did not seek to introduce any statements made by him, the references to his constitutional rights were irrelevant. To this we reply that, although the trial judge is not without discretion in admitting or rejecting such evidence, the state had a

legitimate purpose in informing the jury that appellant's constitutional rights were properly guarded. It is reasonable to assume that jurors are aware that the police have the duty to inform defendants of certain rights immediately following their arrest. The testimony establishing that appellant was informed of his rights; that those rights were printed on and read from a special card carried by the arresting officer and that appellant's rights were respected by the other officers was nothing more than a recital of events which all have come to know are necessary for a proper arrest.

■ Appellant also contends that the procedure followed by the trial court in disposing of the allegation of prior conviction did not comply with the requirements of Rule 180, Rules of Criminal Procedure, 17 A.R.S.[1] The transcript indicates that appellant admitted the prior conviction through his attorney as follows:

"MR. BENNETT: Your Honor, can we approach the bench?

THE COURT: Yes sir. The issue remaining is the allegation of prior conviction. What is your pleasure about that?

MR. BENNETT: Well, Your Honor, after talking with the defendant, it is our desire to admit the allegation of prior conviction. The defendant admits that he did, in fact, commit the burglary on or about the 27th day of June, 1965, and the crime alleged in the allegation of prior conviction.

THE COURT: That was here in Maricopa County?

MR. BENNETT: Yes.

1. "Rule 180. Plea to allegation of prior conviction; effect of plea
When a defendant who is charged in the indictment or information with a previous conviction pleads either guilty or not guilty of the offense with which he is charged, he shall be asked whether he has been previously convicted. If he answers that he has, his answer shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the previous conviction in all subsequent proceedings. If he answers that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has been previously convicted shall be tried by the jury which tries the issue upon the plea of not guilty, or in the case of a plea of guilty, by the jury impaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has been previously convicted. If the defendant pleads not guilty and answers that he has been previously convicted, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial."

THE COURT: In the Superior Court, and the conviction was cause number 46319. The Court then directs a verdict on that aspect of the case in favor of the State and against the defendant." RT at pp. 140–41.

Appellant does not claim that he did not instruct his counsel to admit the prior conviction on his behalf. He simply contends that Rule 180 required the trial judge to ask him *personally* whether or not he was previously convicted. We do not read the rule so narrowly. It is commonplace for an accused to speak and act through his attorney. The attorney-client relationship has been described as one of agency and the general laws of agency apply. Hensley v. United States, 108 U.S.App.D.C. 242, 281 F.2d 605 (1960). When an accused is present in a courtroom, the trial judge is entitled to rely on, and the accused is bound by, the actions and concessions of his attorney. State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969).

Judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.