489 P.2d 1195

**STATE of Arizona, Appellee,**

v.

**Michael McINTYRE, Appellant.**

**No. 1852.**

Supreme Court of Arizona,
In Banc.

Oct. 28, 1971.

Gary K. Nelson, Atty. Gen., by Paul Prato, Asst. Atty. Gen., Phoenix, for appellee.

W. Edward Morgan, Tucson, for appellant.

HAYS, Vice Chief Justice.

The defendant, Michael McIntyre, having pled guilty to a charge of robbery, was sentenced to seven to fifteen years in the State Penitentiary. Appealing from the sentence only, the defendant contends that, first, he did not have adequate assistance of counsel. This contention is based

on an allegation that the defendant never had the benefit of a private consultation with his attorney. We have found from the records before us that the defendant met privately with an attorney on at least two occasions prior to his sentencing. There is, therefore, no merit to his contention.

The defendant next contends that counsel's failure to advise him that he was entitled to a hearing on mitigation of sentence in accordance with Rule 336, Rules of Criminal Procedure, 17 A.R.S., makes it necessary to vacate the sentence imposed. Rule 336 provides:

"When the court has discretion as to the penalty to be inflicted on the defendant, it shall upon the suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the circumstances summarily in open court, either immediately or at a special time and upon such notice to the adverse party as the court directs, or the court may inquire into such circumstances of its own motion."

The record shows that counsel for the defendant *did* attempt to bring to the court's attention "circumstances which may properly be taken into consideration". In the absence of a showing by the defendant that the trial court violated the provisions of Rule 336 in not providing a mitigation hearing, we decline to rule on that issue.

The defendant also claims that the failure of the trial court to advise the defendant of his right to appeal, of a court-appointed attorney to perfect his appeal, and of his right to a free transcript, obligates this court to set aside his sentence. We disagree. It is without question that indigent defendants are entitled to state aid in obtaining appellate review of trial errors. Griffin v. State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). However, the defendant has prosecuted his appeal, and thus cannot claim that the failure to give this information prejudiced him in any way.

The defendant contends that the failure of the court to offer the defendant a chance to examine his probation report makes it necessary to remand for resentencing. The record shows that no request to examine the report was made by the defendant. The trial court is not required to offer the defendant a chance to do so on its own initiative, and whether or not the defendant is entitled to see the presentence report is a matter within the trial court's discretion. State v. Scanlon, 104 Ariz. 187, 450 P.2d 377 (1969).

Defendant's further contention is that both the defendant and his codefendant were represented by the same counsel and this operated to deny him due process. We have held in State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), that an attorney may, in good faith, represent codefendants until such time as a conflict of interest arises. The defendant must show that his own cause is prejudiced by virtue of the conflict of interest. State v. Pickard, 105 Ariz. 219, 462 P.2d 87 (1969). We find no prejudice to have been shown here. In fact, in attempting to gain leniency for the defendant, counsel for defendant contrasted the backgrounds of the codefendants to the defendant's advantage.

A final point presented by defendant has to do with the fact that a considerable period of time has elapsed since the imposition of the sentence appealed from, and that defendant being out on bail has effected a complete rehabilitation. From the record, it appears that an unfortunate misunderstanding between defense counsel as to who was to represent the defendant on his appeal brought about a considerable delay. Notice of Appeal was filed June 23, 1967, and on January 31, 1971, the Opening Brief was filed. We deplore a delay of this length of time and must accept our share of the responsibility in failing to push this matter to an earlier conclusion.

A certificate of probable cause was signed by the Superior Court on December 20, 1967, and the defendant was released on bond. It would appear that the circum-

stances and attitudes of the defendant may have changed in the interim. In exercise of our supervisory power over the sentencing procedure (A.R.S. 13–1717), we order the sentence vacated, and the defendant remanded to the Superior Court for sentencing in the light of changed conditions, if such there are.

Sentence vacated and cause remanded for resentencing.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.