492 P.2d 1165

**The STATE of Arizona, Appellee,**

v.

**Ignacio PONCE, Appellant.**

**No. 2035.**

Supreme Court of Arizona,
In Banc.

Jan. 20, 1972.

Gary K. Nelson, Atty. Gen. by Carl Waag, former Asst. Atty. Gen., Phoenix, for appellee.

Anderson, Welker & Flake by Dudley S. Welker, Safford, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment after a plea of guilty to the crime of assault with a deadly weapon (§ 13–249 A.R.S.) and a sentence of 5 to 10 years in the Arizona State Prison.

We are called upon to determine:

1. whether the defendant intelligently and voluntarily waived appointment of counsel, and

2. whether the defendant entered his plea of guilty intelligently and voluntarily.

The facts necessary for a determination of this matter are as follows. On the 24th

day of December, 1967, a complaint was filed in the Justice Court, Number One Precinct, Greenlee County, Arizona, charging defendant with the crime of assault with a deadly weapon. He was held to answer and was arraigned on the 27th day of December in the Superior Court of Greenlee County. The minutes of the arraignment state that the defendant was present without counsel and that he was "duly advised of the crime with which charged, the penalty and of right to counsel." The minutes further state:

> "Defendant in open court waived his right to counsel. Information duly read. Defendant entered a plea of guilty of Assault with a Deadly Weapon as charged in the Information. Order, that the passing of sentence be set for Tuesday, January 2, 1968, at 10:AM; that defendant be remanded to custody of the Sheriff and released upon posting bond in the sum of ($1000)."

On 2 January 1968, defendant, present without counsel, was sentenced to serve not less than 5 nor more than 10 years in the Arizona State Prison. On 3 September 1968, defendant filed a Notice of Delayed Appeal which was granted and pursuant to order of this court, an attorney was appointed to represent him for the purpose of the delayed appeal.

Because of the insufficiency of the record we were unable to make a determination in the matter. We, therefore, ordered "that the case be remanded to the Superior Court of Greenlee County for further hearing to determine whether the defendant intelligently and voluntarily waived representation by counsel and intelligently entered his plea of guilty at the time of his arraignment." State v. Ponce, 106 Ariz. 420, 421, 477 P.2d 251, 252 (1970). After the hearing the Superior Court found as follows:

> "THE COURT: * * * Let the record show that the Court finds that the defendant did intelligently and voluntarily waive the right to counsel. And did voluntarily and intelligently enter a plea of guilty.

And that these findings, together with the record of this proceeding, and together with the findings of fact, to be prepared by your office Mr. Fernandez, will be submitted to the Supreme Court. * *."

\*     \*     \*     \*     \*     \*

## DID DEFENDANT VOLUNTARILY AND INTELLIGENTLY WAIVE APPOINTMENT OF COUNSEL?

■ An indigent defendant, charged with a felony, has the right to have counsel appointed to defend him. Arizona Constitution, Art. 2, § 24, A.R.S.; Rule 163, Rules of Criminal Procedure, 17 A.R.S.; State v. McGonigle, 103 Ariz. 267, 440 P.2d 100 (1968); State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969); State v. Bernal, 13 Ariz.App. 145, 474 P.2d 864 (1970); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The question in this case is whether the defendant made a voluntary and intelligent waiver of this right. Judge Porter Murry, who conducted the arraignment, testified as follows at the voluntariness hearing:

> "Q Judge, would you testify as to whether or not you advised the defendant of his right to counsel at that time?
>
> "A According to the minutes of the Court, yes.
>
> "Q Judge, did you advise him of the crime that he was charged with and the penalty that it carried?
>
> "A Yes.
>
> "Q And to the best of your recollection Judge, would you please testify as to whether or not, in your opinion, the defendant understood the proceedings against him on that day?
>
> "A Well, it is difficult to have an independent recollection but I am sure that he did or the Court wouldn't have accepted his plea. And, in going through the file I noticed a letter that he had written to the Court between the date of his plea of guilty and the passing of

sentence, which indicates to me that he had a complete understanding of the proceedings."

Henry Marquez, the Justice of the Peace before whom the defendant was charged, also testified at the hearing:

"Q Now on the charge of assault with a deadly weapon, at his arraignment in your Court on the 26th day of December 1967, did you advise him of his right to be represented by counsel?

"A I did.

"Q And, did you advise him that he had the right to either hire his own attorney, or in the event he was an indigent an attorney would be appointed to represent him?

"A I did.

    *    *    *    *    *    *

"Q But your testimony here today is, at the time you had the hearing on the 26th day of December, 1967, that you advised him of his right to counsel, and also advised him that in the event he did not have sufficient funds to hire his own attorney that you would see to it that an attorney was appointed to represent him?

"A I did."

Sheriff Wilkerson also testified that he was present at the arraignments before Judge Marquez and Judge Murry and that both Judges informed the defendant of his right to have counsel appointed for him. Sheriff Wilkerson stated that in his opinion the defendant vountarily and intelligently waived his right to counsel. Also in the record is a letter written to the judge by the defendant after his plea but before sentencing. The letter concluded:

"I am truly sorry that I lost my head. I don't expect you to base your judgment on this statement. But I would appreciate it if you gave me time, here in the county jail instead of sending me to Florence. You learn nothing but more crime and hate over there. Believe me I have been there. Thank you for at least reading this letter.

/s/ Ignacio Ponce'

The defendant, although present, did not testify at the voluntariness hearing.

The record amply supports the finding of the trial court that the defendant was properly apprised of his right to have counsel appointed to defend him and that he made a voluntary and intelligent waiver of that right.

## WAS THE PLEA OF GUILTY MADE VOLUNTARILY AND INTELLIGENTLY?

■ This court has held that the decision in Boykin v. Alabama, 395 U.S. 238, 23 L. Ed.2d 274, 89 S.Ct. 1709 (1969), will be given prospective application only. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). Since the plea in this case was made before Boykin, supra, the plea must be "judged with reference to the basic fairness of these proceedings rather than to rather rigid standards" mandated by Boykin, supra. State v. Johnson, 107 Ariz. 169, 484 P.2d 1 (1971).

The minutes of the court taken at defendant's arraignment state "defendant duly advised of the crime with which charged, the penalty and of right to counsel." Both Judge Murry and Sheriff Wilkerson testified at the voluntariness hearing that, in their opinions, the defendant entered his plea of guilty voluntarily and intelligently. Furthermore, the letter written by the defendant to the judge between the date of his plea and the time of sentencing indicates not only a factual basis for the plea, but an awareness of the consequences thereof. It is our opinion that his plea was made intelligently and voluntarily.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.