493 P.2d 939

STATE of Arizona, Appellee,

v.

Wesley Robert BRADY, Appellant.

No. 1 CA–CR 343.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 17, 1972.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Kleinman, Carroll & Kleinman, by Dennis W. Dairman, Jan L. Kleinman, Phoenix, for appellant.

EUBANK, Judge.

On July 8, 1970, the defendant filed a "Motion For Leave to File Delayed Appeal" with our Supreme Court pursuant to its Rule 16(a), 17 A.R.S., alleging that neither the sentencing judge nor the court appointed counsel informed the defendant of his right to appeal from the judgment and sentence. The matter was transferred to this Court on January 8, 1971. After a response was filed by the Attorney General, our order was issued granting the defendant's motion. The record fails to show such advice by the trial judge and defense counsel had no personal recollection of whether or not he had advised the defendant of his right to appeal. Although the failure of the trial court to so advise a defendant is error it is not reversible error since the right of delayed appeal has been preserved by Rule 16(A), Rules of the Supreme Court, 17 A.R.S., which right the defendant has exercised in bringing this appeal. *See,* State v. McIntyre, 107 Ariz. 515, 489 P.2d 1195 (1971).

Defendant next questions the validity of his plea of guilty following a "plea bargain" since, ". . . no effort was made by the Court to determine if the defendant knowingly, willingly, intelligently and voluntarily entered a plea of guilty." The plea of guilty was taken on April 16, 1969, in a pre-Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) setting. Our Supreme Court has held that the effect of Boykin is prospective only (State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969)), and that the defendant's claim of error must be judged with reference to the basic fairness of the proceedings in determining the voluntariness of his plea rather than by the Boykin standards, the judge being unaware of such standards at the time of the plea. State v. Johnson, 107 Ariz. 169, 484 P.2d 1 (1971).

The record shows that in February, 1969, defendant was arrested on a warrant issued in May, 1966, charging him with a violation of A.R.S. § 13–421, passing a forged instrument. Defendant requested the appointment of counsel and the Public Defender was appointed by the court to represent him. He requested a preliminary hearing which was held on February 18, 1969. The justice of the peace transcript shows that the complainant Larry Glazman and a witness J. G. Paisley testified for the State after which the State rested. Defendant cross-examined the State's witnesses but declined to offer any testimony on his own behalf and rested. The justice of the peace found that there was probable cause to hold the defendant to answer the complaint. Thereafter the information was filed on March 11, 1969, charging the defendant with the same violation as set forth in the complaint. In addition a prior conviction charge was filed alleging a conviction for burglary in the second degree which had occurred in Kern County, California, in April, 1966. On March 14, 1969, the arraignment was held, defendant was served with a copy of the information, and he entered his plea of "not guilty". Several days later the trial was set at 10:00 A. M. on April 16, 1969. At 9:30 A.M. on the

trial date the following "plea bargain" and change of plea took place:

"THE COURT: The record may show the proceedings in Chambers. At this time I will ask each of the Counsel and the Defendant who is present as to whether or not it can be stipulated to consent that these proceedings be held in Chambers rather than in open Court.

MR. ZUSSMAN: The Defendant has no objection.

MR. KEPEL: The State has no objection.

THE DEFENDANT: No objection.

THE COURT: You may proceed.

MR. ZUSSMAN: At this time the Defendant Wesley Robert Brady in Cause Number CR 57,520 requests permission from Your Honor to withdraw his former plea of not guilty heretofore entered and desires to enter a plea of guilty to forgery, passing. I have explained the matter to Mr. Brady in detail. He understands that the possible punishment could be anywhere from one to fourteen years in the Arizona State Prison. I have, and nobody else has, promised him any leniency, probation or anything to do with the sentence. There has been no force otherwise, no coercion or duress to cause him to make this plea. He desires to plead because he does feel he is guilty and does so of his own free will. He realizes that he has a right to a jury trial and upon the entrance of this plea will give up that right.

The County Attorney has indicated upon this plea that they will dismiss the prior and Mr. Brady is not pleading only because they are dismissing the prior but is pleading guilty because he says he is guilty. Is that true?

THE DEFENDANT: Yes sir, yes sir.

MR. ZUSSMAN: Then we ask for this.

THE COURT: Do you understand that the matter of the striking of the prior would take place after the sentencing rather than before.

MR. ZUSSMAN: The prior now it's otherwise. The County Attorney's procedure is that the other counts or charges are usually dismissed prior to sentencing and prior to dismissal, but any recommendation, the probation officer will not be confused, he's dealing with a charge with a prior.

MR. KEPEL: The State would move to dismiss a prior conviction alleged in the information at this time.

THE COURT: The Court finds that the Defendant knowingly, willingly, intelligently and voluntarily desires at this time to enter a plea of guilty to the charge of forgery, passing. As set forth in information. It is ordered granting leave to withdraw the previous plea of not guilty. It is further ordered entering a plea of guilty to the charge of forgery, passing, as set forth in the information.

MR. ZUSSMAN: If I may, Your Honor, the Defendant is in jail and there's something pending that we might have to do. I don't know how busy your probation officer is.

THE COURT: I have another order in connection with this. Upon motion of the County Attorney it is further ordered striking the allegation of prior conviction. That is to the information.

MR. ZUSSMAN: I don't know how busy Mr. Schard is. There is a matter in Kingman that we'll have to take care of so two or three weeks will be all right with us if it is all right with you.

THE COURT: Let me ask you this; very personally, he is presently in jail, we will try to do it within two weeks if possible. If an individual is out on bond than that's something else.

MR. ZUSSMAN: Two weeks will be fine. That should be ample time, Your Honor."

\* \* \* \* \*' \* ·

■ We hold that the foregoing colloquy satisfies the pre-Boykin requirements. *See*, State v. Johnson, *supra*; State v. Burton, 16 Ariz.App. 61, 490 P.2d 1189 (1971). The ancillary question of whether the defendant's personal confirmation of the statement of his counsel is a sufficient waiver of his rights was answered in the affirmative by this Court in State v. Miles, 3 Ariz.App. 377, 414 P.2d 765 (1966). Our conclusion was confirmed by our Supreme Court in State v. Brown, 107 Ariz. 252, 485 P.2d 822 (1971), where the Court said:

> ▶ "Appellant does not claim that he did not instruct his counsel to admit the prior conviction on his behalf. He simply contends that Rule 180 required the trial judge to ask him *personally* whether or not he was previously convicted. We do not read the rule so narrowly. It is commonplace for an accused to speak and act through his attorney. The attorney-client relationship has been described as one of agency and the general laws of agency apply. Hensley v. United States, 108 U.S.App.D.C. 242, 281 F.2d 605 (1960). When an accused is present in a courtroom, the trial judge is entitled to rely on, and the accused is bound by, the actions and concessions of his attorney. State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969)." (485 P.2d at p. 825).

■ Defendant next argues that he was prejudiced by an in-court identification by the complainant at his preliminary hearing and that this coerced him into entering his guilty plea. He does not suggest to this Court that a mistake was made in the identification or that he was in fact not guilty of the crime as charged, he merely contends that the "stringent guidelines" set down by the Arizona Supreme Court in State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970), were not met. In Dessureault the Court said:

> "[5] *Second*, if the in-court identification is not challenged at the trial level, it will be presumed thereafter that prior identification procedures did not taint the in-court identification. This presumption we deem conclusive for the obvious reason that all litigation, even criminal, must end at some point. Matters which could have been determined by the mere asking, if not raised, will be deemed settled adversely to the accused." (104 Ariz. at p. 384, 453 P.2d at p. 955)

The Dessureault language is certainly applicable here, since the record reveals that the question was never raised at the trial court level. In the case at bar the defendant requested a preliminary hearing, which he could have waived (Article 2, § 30, Arizona Constitution A.R.S.). He appeared and was represented at all times by counsel, who cross-examined the State's eyewitnesses who identified the defendant. At his arraignment he pled "not guilty" and then at the time of trial he changed his plea to "guilty" following a plea bargain which resulted in the dismissal of the prior conviction charge. It seems clear that since identification is merely an element of proof of the crime charged that it is merged into the guilty plea. It is our opinion that this question is foreclosed by the prior one involving the validity of the plea of guilty. If the plea of guilty is valid, as we have held it is, then a pre-information identification could not invalidate the plea except under the most prejudicial circumstances. No such circumstances are present here.

■ Moreover, the identification of which defendant objects occurred at a judicial proceeding. Our research has failed to disclose any jurisdiction overturning a conviction based upon an identification which took place in a judicial setting where the defendant was represented by counsel. We decline to extend the tainted "line-up" doctrine to such an "in-court" identification. *See*, State v. Horton, 108 Ariz. 16, 492 P.2d 395 (filed January 5, 1972); State v. Lang, 107 Ariz. 400, 489 P.2d 37 (1971).

Judgment affirmed.

HAIRE, P. J., and JACOBSON, J., concur.