506 P.2d 1029

**The STATE of Arizona, Appellee,**

v.

**Shirley Austin TERRELL, Appellant.**

**No. 2212.**

Supreme Court of Arizona,
In Division.

March 1, 1973.

Gary K. Nelson, Atty. Gen. by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Lee V. Bakunin, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment entered on defendant's plea of guilty to two counts of assault with a deadly weapon, § 13–249, subsec. A A.R.S., and consecutive sentences of eight to ten years on each count.

We are asked to answer only one question on appeal and that is: Did the defendant voluntarily enter his pleas of guilty?

The facts necessary for a determination of this appeal are as follows. On 5 September 1967, defendant, represented by counsel, withdrew his previous pleas of not guilty and entered pleas of guilty to two counts of assault with a deadly weapon. Pursuant to a plea bargain, the remaining five charges against defendant were dismissed. These charges included three counts of assault with intent to commit murder, a third count of assault with a deadly weapon, and one count of attempted bribery.

The reporter's transcript of the change of plea proceedings is not available, but the minute entry for that date reads:

"Defendant, through counsel, in open Court, states he wishes to withdraw former pleas of not guilty to Count IV and not guilty to Count V, and to enter a plea of guilty to said counts.

"The record may show that the defendant, SHIRLEY AUSTIN TERRELL, has had explained to him by his attorney who is present in Court and by the Court, the nature of the charges contained in Count IV and Count V of the Information and of all the particulars set forth therein; that the defendant understands the nature of the charges and consequences of an entry of a plea of guilty. The defendant enters a plea of guilty knowingly, intelligently and voluntarily which plea of guilty the Court accepts to Count IV and Count V respectively and the particu-

lars thereof as set forth in the Information.

"IT IS ORDERED setting this cause for sentencing in Counts IV and V for Tuesday, September 12, 1967, 1:30 p. m. in Div. 19. The remaining counts will be disposed of at time of sentencing."

The reporter's transcript of the sentencing is available and it shows the following transpired:

"THE COURT: State of Arizona versus Shirley Austin Terrell.

Is your true name Shirley Austin Terrell?

"THE DEFENDANT: Yes, sir.

"THE COURT: Mr. Terrell, the Court is informed that you have heretofore entered a plea of guilty to two counts of assault with a deadly weapon as set forth in Count IV and Count V of the information. Is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: In respect to said counts, in Count IV the State charges and you plead guilty to having on or about the 22nd of April, 1967, having committed an assault with a deadly weapon upon one Thomas H. Melcher according to said particulars of that offense.

"THE DEFENDANT: Yes, sir.

"THE COURT: Count V sets forth that you on or about the 22nd day of April, 1967 committed an assault with a deadly weapon upon Harry Koch, is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: By virtue of the defendant's plea of guilty to Count IV and Count V of the information and the particulars as set forth therein, it is the judgment of the Court that you, Shirley Austin Terrell, are guilty of the offenses of assault with a deadly weapon as set forth in Count IV and Count V of the information respectively.

This is the time for sentence. Do you have anything to say, any legal cause to show why the Court should not now pronounce judgment and sentence?

"MR. FRANCONE: Your Honor, there isn't any legal cause. Mr. Terrell realizes he is not a candidate for probation by virtue of the fact he is currently under sentence of 30 to 40 and 30 to life. We would only ask the Court to run these sentences concurrently, both sentences with the one he is already under with each other.

"THE COURT: Anything else you wish to say, Mr. Terrell?

"THE DEFENDANT: I have nothing."

We have stated:

"This court has held that the decision in Boykin v. Alabama [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274] (citations omitted), will be given prospective application only. State v. Griswold [105 Ariz. 1, 457 P.2d 331] (citations omitted). Since the plea in this case was made before Boykin, supra, the plea must be 'judged with reference to the basic fairness of these proceedings rather than to rather rigid standards' mandated by Boykin, supra. State v. Johnson, 107 Ariz. 169, 484 P.2d 1 (1971)." State v. Ponce, 108 Ariz. 58, 60, 492 P.2d 1165, 1167 (1972).

Unlike Ponce, supra, here the defendant was represented by counsel from the preliminary hearing to the plea bargaining stages, and the record reflects what appears to be an agreement favorable to defendant. We have stated that at least as far as pre-Boykin cases are concerned, a presumption exists that when a defendant represented by counsel changes his plea as a result of a plea bargain, he does so with full knowledge of the facts and consequences thereof. State v. Martinez, 102 Ariz. 215, 427 P.2d 533 (1967).

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no fundamental error.

Judgment affirmed.

HOLOHAN, J., and HENRY S. STEVENS, Court of Appeals Judge, concur.